UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x   **NOT FOR PUBLICATION**
In re:                                                           :
                                                                 :
                                                                 :
       THE 1031 TAX GROUP, LLC, et al.,       :   Chapter 11
                                                                 :   Case No. 07-11448 (MG)
                                                                 :   Confirmed Plan
                 Debtors.             :
-----------------------------------------------------------------x
                                                                 :
GERARD A. MCHALE, JR.,                                           :
AS CHAPTER 11 TRUSTEE,                                           :
                                                                 :
                                                                 :
                 Plaintiff,           :
                                                                 :   Adv. Proc. No. 09-01215 (MG)
     - against -                                               :
                                                                 :
                                                                 :
                                                                 :
1-15 HARTSDALE AVE. CORP.,                                       :
                                                                 :
                 Defendant.           :
                                                                 :
-----------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART LIQUIDATION TRUSTEE'S MOTION TO IMPOSE
SANCTIONS**

*A P P E A R A N C E S:*

GOLENBOCK EISEMAN ASSOR BELL & PESCOE LLP
*Attorneys for Gerard A. McHale, Jr., P.A. as Liquidation Trustee*
*For the 1031 Debtors Liquidation Trust*
437 Madison Avenue
New York, New York  10022
By:   Jonathan L. Flaxer, Esq.
        Laura Sulem, Esq.
        Dallas L. Albaugh, Esq.

PETER B. FALLON, ESQ.
*Attorney for Defendant 1-15 Hartsdale Avenue Corp.*
18 Gregory Lane
Warren, New Jersey  07059-5031
By:   Peter B. Fallon, Esq.

1

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Gerard A. McHale, Jr., P.A., as Liquidation Trustee for the 1031 Liquidation Trust ("Trustee"), has moved to impose sanctions pursuant to FED. R. CIV. P. 37 against 1-15 Hartsdale Avenue Corp. ("Hartsdale") as a result of Hartsdale's violation of this Court's scheduling orders and its failure to provide discovery before the June 4, 2010 fact discovery cut-off date. (ECF # 24.) Hartsdale opposes the motion. (ECF ## 28, 29.) The Trustee seeks to have Hartsdale's Answer stricken and a default judgment entered. Alternatively, the Trustee seeks an order finding various facts established and precluding Hartsdale from offering testimony or other evidence at trial or in opposition to summary judgment with respect to any of its affirmative defenses. For the reasons explained below, the Court denies the motion to strike the Answer and enter a default judgment, but grants the motion to preclude Hartsdale from offering testimony or other evidence in support of any of its affirmative defenses. Hartsdale is also precluded from offering testimony in opposition to summary judgment or at trial from Gerald Brauser, the president of Hartsdale, designated by Hartsdale as its FED. R. CIV. P. 30(b)(6) witness, because Hartsdale failed to produce him for his deposition before the June 4, 2010 fact discovery cut-off date.

**BACKGROUND**

This adversary proceeding was commenced on May 13, 2009. The Complaint asserts avoidance and recovery claims pursuant to 11 U.S.C. §§ 547, 548 and 550. (*See* Complaint, ECF # 1.) The Trustee alleges that on or about April 20, 2007, one or more of the Debtors transferred at least $5,563,162.28 to Hartsdale for or on account of an

2

antecedent debt owed by one or more of the Debtors to Hartsdale at a time when the Debtors were insolvent. (Compl. ¶ 15.) The Debtors' bankruptcy cases were commenced on May 14, 2007, with respect to all of the Debtors except AEC Exchange Company LLC ("AEC"), and on June 11, 2007 with respect to AEC. The Complaint alleges that within the year prior to the petition date, Hartsdale entered into a written agreement with one or more of the Debtors pursuant to which Hartsdale deposited funds with the Debtors in respect of a pending or potential transaction or series of transactions intended to qualify for favorable treatment under section 1031 of the Tax Code. (Compl. ¶ 14.) The Trustee alleges that the transfer to Hartsdale was an avoidable preference as well as an actual or constructive fraudulent conveyance. Hartsdale filed its Answer to the Complaint on July 29, 2009. (ECF # 7.) The Answer denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding the transfer. (Answer ¶ 5, responding to Complaint ¶¶ 13, 14 and 15.) The Answer asserts 20 affirmative defenses but provides no factual support for the ritual incantation of the affirmative defenses.

The Court entered a Scheduling Order, dated February 19, 2010 ("Initial Scheduling Order") (ECF # 16), and a First Amended Scheduling Order, dated April 20, 2010 ("First Amended Scheduling Order") (ECF # 19). The Initial Scheduling Order set May 4, 2010 as the cut-off date for all fact discovery. The Initial Scheduling Order also scheduled a case management conference for April 20, 2010, at which both parties' counsel appeared. Both counsel requested that the Court extend the fact discovery cut-off date. The Court expressed displeasure that more progress had not been made with discovery, but the Court agreed to extend the cut-off date for fact discovery until June 4,

2010, with an express warning on the record that the Court would not grant a further discovery extension.

Following the April 20, 2010 hearing, the Court entered the First Amended Scheduling Order extending the fact discovery cut-off date to June 4, 2010.  Like the Initial Scheduling Order, the First Amended Scheduling Order provided that it "may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend any deadline established by this Order shall be made in a written application no less than five (5) days prior to the expiration of the date sought to be extended."  (ECF # 19, at ¶ 8.)

On April 14, 2010, the Trustee served Hartsdale with a Rule 30(b)(6) notice of deposition, scheduling the deposition for May 19, 2010, and providing a list of five topics upon which the deponent would be examined, including any defenses to the Complaint. (*See* Declaration of Dallas A. Albaugh in Support of Plaintiff Gerard A. McHale, Jr.'s Motion for Sanctions Against 1-15 Hartsdale Avenue Corp.  Pursuant to Federal Rule of Civil Procedure 37(2)(A) and (1) ("Albaugh Decl."),  Ex. E.) (ECF # 25.)  Albaugh followed up with Hartsdale's counsel with e-mails on May 6 and 11, 2010 regarding Hartsdale's failure to produce requested documents or to identify its Rule 30(b)(6) witness.  (*Id.*, Exs. G, H.)  On May 12, 2010, in response to the Court's direction on April 20 that the parties seek to narrow the issues, Albaugh e-mailed Hartsdale's counsel again, advising that the Trustee would be pursuing his section 547 claim but not his section 548 claim.  Albaugh asked Hartsdale's counsel which of its affirmative defenses it intended to pursue.  (*Id.*, Ex. K.)  On May 14, 2010, the Trustee's counsel served a notice of deposition for Mark Brauser, an officer of Hartsdale, including a request for production

4

of documents, and scheduling the deposition for June 2, 2010. (*Id.*, Ex. N.) The Mark Brauser deposition was actually taken on June 4, 2010, but, as it admits, Hartsdale did not produce all requested documents until sometime after the June 4, 2010 discovery cut-off date.

On May 14, 2010, Albaugh e-mailed Hartsdale's counsel again. With respect to the Rule 30(b)(6) deposition, for which Hartsdale had identified Gerald Brauser as the witness, Albaugh asked counsel to "confirm if the adjourned deposition date is May 26th or May 27th." (*Id.*, Ex. O.) In the same e-mail, Albaugh questioned whether Hartsdale had produced all responsive documents: "We did not get very many documents in your productions; is that the extent of your client's files? . . . Another example, I produced e-mails between Mark Brauser and David Field regarding the negotiation of the 8% interest, but I didn't see that in your production. Has your client reviewed e-mails?" (*Id.*)

On May 20, 2010, the Trustee's counsel followed up with a 3-page letter to Hartsdale's counsel, expressing frustration that Hartsdale's counsel had failed to respond to numerous email and telephone messages regarding the status of specific open discovery requests. Again, the Trustee's counsel asked Hartsdale's counsel to confirm when Hartsdale would complete its outstanding discovery responses, including confirming the date for the Rule 30(b)(6) deposition. (*Id.*, Ex. P.)

On May 24, 2010, the Trustee's counsel wrote to the Court requesting an informal telephonic conference to address a number of issues in the adversary proceeding. (*Id.*, Ex. Q.) Among other things, the letter addressed Hartsdale's failure to respond to

5

discovery, cataloging the numerous failures or refusal of Hartsdale to respond to the Trustee's discovery requests. The letter specifically referred to the impending June 4, 2010 discovery cut-off deadline.

In response to the May 24 letter, the Court held a telephonic hearing on May 27, 2010. Counsel for both parties participated in the hearing. The Court warned counsel again (having already done so on April 20) that the Court intended to enforce the discovery cut-off date. The Court specifically referenced the possibility of Hartsdale's Answer being stricken and a default judgment being entered. Hartsdale's counsel advised the Court that its client wished to substitute new counsel. The Court made clear that any request to substitute new counsel at this stage of the proceeding had to be made promptly, and any new counsel would have to adhere to the existing discovery schedule.

Hartsdale produced Mark Brauser for his deposition before the June 4, 2010 discovery cut-off, but it failed to produce Gerald Brauser, its Rule 30(b)(6) witness, for his deposition. The Trustee contends that Mark Brauser provided very little information in his deposition. On June 9, 2010, after the discovery cut-off date had passed, the Trustee's counsel again wrote to the Court, this time requesting permission to file a motion for sanctions, including striking of the Answer and entry of a default judgment, because Hartsdale failed to provide requested discovery before the cut-off date. (ECF # 21.) On June 11, 2010, the Court held a hearing on the Trustee's request to file a sanctions motion, granted the request and established a briefing schedule. (ECF # 22.) The Court held a hearing on the sanctions motion on July 15, 2010.

6

## DISCUSSION

Hartsdale's failure to comply with the discovery deadlines established in the First Amended Scheduling Order is clear and undisputed. Hartsdale's failure to provide timely discovery in response to specific discovery requests and a deposition notice for the Rule 30(b)(6) deposition is equally clear and undisputed. The First Amended Scheduling Order required that any application to extend any deadline had to be made in writing no less than five days before the expiration of the date sought to be extended. Hartsdale never filed an application to extend the discovery cut-off deadline.

Hartsdale failed to produce Gerald Brauser as its Rule 30(b)(6) deposition witness before the June 4, 2010 discovery cut-off date, despite (i) having identified him as the witness, (ii) having received numerous requests from the Trustee's counsel to confirm the date for the deposition, and (iii) having been warned by the Court on April 20 and May 27, 2010 that the discovery cut-off date would not be extended. No excuse or justification has been provided for the failure to produce the Rule 30(b)(6) witness for his deposition. Additionally, Hartsdale concedes that it failed to timely produce responsive documents before the June 4 deadline, arguing that since the June 4, 2010 cut-off date it has produced additional documents.

Hartsdale's failure to comply with the Court's First Amended Scheduling Order and with Hartsdale's discovery obligations was blatant and inexcusable. The Court warned Hartsdale's counsel twice that his client needed to fully comply with its discovery obligations on or before June 4, 2010. The warning was clear and specific and Hartsdale acted at its own risk thereafter if it failed to comply. Hartsdale has provided no

7

explanation or excuse for its failure to comply, but rather argues that it is now prepared to comply if given a further chance. In these circumstances, the Court concludes that Hartsdale's violation of the First Amended Scheduling Order, its failure to produce for deposition its Rule 30(b)(6) deponent, and its failure to produce responsive documents before the June 4, 2010 discovery cut-off date were willful and in bad faith.

### A. The Violation of the First Amended Scheduling Order Should Be Sanctioned Under FED. R. CIV. P. 16(f)(1)(C), not FED R. CIV. P. 37(b)

#### 1. The Violation Should Not Be Sanctioned Under FED R. CIV. P. 37(b)

The Trustee's motion for sanctions for violating the scheduling orders is based on FED. R. CIV. P. 37(b) or (d). It is doubtful that Hartsdale's failure to comply with the First Amended Scheduling Order can be sanctioned under Rule 37(b). Sanctions are available pursuant to Rule 37(b) only if a court has first entered a specific order compelling the discovery in question, and a party has disobeyed that order. *See* FED. R. CIV. P. 37(b); *Daval Steel Prods. v. M/V Fakredine, et al.*, 951.F.2d 1357, 1363 (2d Cir. 1991) ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order.") (citation omitted); 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 37.40 (3d ed. 1999). No such order was entered here. The Trustee's motion for sanctions pertains to scheduling orders, not discovery orders. By its language, Rule 37(b) does not apply to violations of the First Amended Scheduling Order.

8

### 2. The Violation Should Instead Be Sanctioned Under FED. R. CIV. P. 16(f)(1)(C)

Rule 16(f)(1)(C), however, gives the Court the authority to impose sanctions for violations of the First Amended Scheduling Order. *See* FED. R. CIV. P. 16(f)(1)(C). Specifically, it permits the court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii)" for "fail[ure] to obey a scheduling . . . order." Thus, while the Court does not have authority to punish for violations of the First Amended Scheduling Order under Rule 37(b), Rule 16(f)(1)(C) refers the Court to Rule 37(b)(2)(A)(ii)–(vii) for examples of the type of sanctions the Court can impose for violations of a scheduling order. Rule 37(b)(2)(A) provides, in relevant part, that the Court may (ii) prohibit[ ] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) strik[e] pleadings in whole or in part; . . . (v) dismiss [ ] the action or proceeding in whole or in part; [or] (vi) render [ ] a default judgment against the disobedient party . . . ."

On July 8, 2010, the Court entered an order notifying the parties that Rule 16(f)(1)(C) appears to be the correct source of authority for sanctions for disobeying the First Amended Scheduling Order. (ECF #31.) The July 8 order permitted the parties to submit additional briefs on the issue and to address it at a hearing scheduled for July 15, 2010. (*Id*.) Thus, both parties' counsel had ample notice of the Court's intention to consider entering sanctions under Rule 16. Hartsdale's counsel filed a letter in response to the July 8, 2010 order acknowledging that Rule 16(f)(1)(C) applies in this matter. (ECF # 36.) The Trustee's counsel filed a supplemental brief arguing that sanctions should be imposed under Rule 16(f)(1)(C). (ECF # 34.) During argument on July 15,

9

2010, Hartsdale's counsel acknowledged that sanctions may be entered in this case because Hartsdale failed to obey the First Amended Scheduling Order.

Hartsdale disobeyed the First Amended Scheduling Order by failing to produce its Rule 30(b)(6) deponent before the June 4, 2010 deadline and by failing to produce all documents responsive to the Trustee's document requests by that date. Sanctions may appropriately be ordered.

### B. The Failure to Produce the Rule 30(b)(6) Deponent Should Be Sanctioned Under FED. R. CIV. P. 37(d)

Pursuant to Rule 37(d), Hartsdale may be sanctioned for its failure to produce its 30(b)(6) deponent. *See* FED. R. CIV. P. 37(d) ("The court where the action is pending may, on motion, order sanctions if . . . a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition . . . ."). *See, e.g.*, *Martinez v. E&C Painting, Inc.*, No. 06 Civ. 05321 (RJH), 2008 WL 482869, *6 (S.D.N.Y. Feb. 21, 2008) (dismissing plaintiffs' claims without prejudice due to plaintiffs' failures to appear for respective depositions); *T.B.I. Indus. Corp. v. Emery Worldwide*, 900 F. Supp. 687, 694 (S.D.N.Y. 1995) (awarding sanctions for defendant's inadvertent failure to appear at deposition). As required under Rule 37(d), the Trustee served Hartsdale with proper notice of a deposition.

Hartsdale does not dispute that it failed to produce its designated Rule 30(b)(6) deponent prior to the June 4, 2010 discovery deadline. Although Hartsdale provides that its change of counsel during the later stages of discovery contributed to its failure to timely produce its Rule 30(b)(6) deponent, it does not contend that the change in counsel excuses its actions. Further, this Court clearly stated in its May 27, 2010 telephonic

hearing that it intended to enforce the discovery cut-off date even if new counsel appeared in the case for Hartsdale. Although Hartsdale did, on June 10, 2010, offer to produce its designated 30(b)(6) witness for a deposition in New York, this was clearly after the discovery deadline had expired. This Court explicitly warned Hartsdale on two occasions that it intended to enforce the discovery cut-off date. Therefore, pursuant to this Court's authority under Rule 37(d), Hartsdale should be sanctioned for its failure to timely produce its Rule 30(b)(6) deponent.

### C. While the Court Will Not Strike the Answer and Enter a Default Judgment, a Preclusion Order Should Be Entered

This raises the question of the relief that should be provided to the Trustee. Courts have broad discretion in choosing the types of sanctions to impose in a specific case. *See Rouson v. Eicoff*, No. 04-CV-2734 (ARR)(KAM), 2007 WL 1827422, at *9 (E.D.N.Y. June 25, 2007) ("The Court has broad discretion to impose sanctions for failure to comply with its orders pursuant to Rule 16(f) . . . ."); *Williams v. Nat'l. Hous. Exch. Inc.*, 165 F.R.D 405, 408 (S.D.N.Y. 1996) (emphasizing that the Second Circuit allows district courts to exercise their discretion in determining which sanctions are appropriate so long as the sanctions are "just") (citing *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989)).

In the exercise of discretion to issue sanctions, particularly more extreme sanctions like entering a default judgment and dismissing the case, courts consider a variety of factors, such as: "(a) willfulness or bad faith of the noncompliant party; (b) the history, if any of noncompliance; (c) the effectiveness of lesser sanctions; (d) whether the noncompliant party had been warned about the possibility of sanctions; (e) the client's

11

complicity; and (f) prejudice to the moving party." *Am. Cash Card Corp. v. AT&T Corp.*, 184 F.R.D. 521, 524 (S.D.N.Y. 1999) (citing Jodi Golinsky, *The Second Circuit's Imposition of Litigation-Ending Sanctions for Failure to Comply with Discovery Orders*, 62 BROOK. L. REV. 585, 596–97 (1996)). *See also Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (enumerating substantially similar factors a court should consider before dismissing an action as a discovery sanction).

While the Trustee here requests that Hartsdale's Answer be stricken and a default judgment entered, these sanctions should be applied sparingly and only in the most egregious cases. *Ho v. Target Constr. of N.Y. Corp.*, No. 08-CV-4750 (KAM)(RER), 2010 WL 2292202, at *3 (E.D.N.Y. June 3, 2010) ("Although Rule 16(f)—by its reference to Rule 37(b)(2)—permits the court to strike a party's pleadings, preclude it from offering evidence, and enter a default judgment against it, such remedies are 'harsh' and should be utilized 'only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant.'") (quoting *S.E.C. v. Euro Sec. Fund*, No. 98-CV-7347, 2009 WL 2709316 (S.D.N.Y. Aug. 27, 2009). Although the Court concludes that Hartsdale has acted willfully and in bad faith, it declines to strike Hartsdale's Answer and enter a default judgment. Nevertheless, Hartsdale's conduct merits very strong sanctions.

The Court explicitly warned Hartsdale that it intended to enforce the discovery cut-off date, including the possibility of striking Hartsdale's Answer and entering a default judgment. In the past, courts have considered the extent to which a party complied with court warnings when choosing appropriate sanctions. *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990) (collecting cases and observing that

courts consider whether prior warnings were issued when determining an appropriate sanction). Accordingly, the Court here may issue strong sanctions based, in part, on Hartsdale's failure to heed the Court's multiple warnings.

In addition to Hartsdale's failure to comply with the Court's warnings, strong sanctions are also warranted because the Trustee has been prejudiced by Hartsdale's failure to provide timely discovery. For the Court now to simply extend the discovery deadlines again, the Court's administration of this case and of its docket would be adversely affected. Without the requested discovery, and in particular the Rule 30(b)(6) deposition, the Trustee is severely handicapped in prosecuting this case, particularly with respect to Hartsdale's 20 affirmative defenses.

Hartsdale's opposition to the motion for sanctions argues that "the issues in this case for [*sic*] are whether or not the funds transferred by Security 1031 Services, Inc. are property of the debtor's estate and whether Hartsdale's ordinary course of business defense precludes the Trustee's preference claim." (ECF # 28.) During the July 15, 2010 argument, Hartsdale's counsel stated that these are the only two defenses that Hartsdale continues to pursue; although, it was unclear whether Hartsdale, in effect, continues to assert certain of its affirmative defenses in connection with its argument that the transferred funds were not property of the estate. It is unfair for the Trustee to have to prepare for and defend against the affirmative defenses without full discovery.

In order to prevail on the section 547 claim, the Trustee has the burden of proving the essential elements of the claim, including that the transferred funds were property of the debtor's estate. The Trustee's counsel acknowledged during the July 15, 2010

13

argument that the facts supporting the elements of the section 547 claim should be within the Trustee's possession. The Court concludes that the Trustee will not be substantially prejudiced in being required to prove the affirmative elements of the claim at trial. On the other hand, Hartsdale has the burden of proving its affirmative defenses, and the Court concludes that the Trustee has suffered prejudice in being denied discovery with respect to the affirmative defenses.

In these circumstances, the Court concludes in the exercise of its discretion that the appropriate sanction in this case is to preclude Hartsdale from offering any evidence in support of any of its affirmative defenses. *See* FED. R. CIV. P. 37(b)(2)(B)(ii) (authorizing a court to "prohibit[ ] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"). With respect to the late-produced documents, the Trustee's counsel acknowledged during argument that all or most of these documents were already in the Trustee's possession and, in any event, the Trustee will not be prejudiced if Hartsdale seeks to use these documents at trial. Therefore, no preclusion order will be entered with respect to the late-produced documents. Hartsdale will be precluded, however, from offering the testimony of Gerald Brauser on any issue in response to any summary judgment motion or at trial as a sanction for Hartsdale's failure to produce him for his Rule 30(b)(6) deposition.

During the July 15, 2010 argument, counsel for Hartsdale and the Trustee indicated that they were preparing to offer expert testimony with respect to Hartsdale's ordinary course of business affirmative defense. Expert reports have been exchanged and depositions of two experts have been scheduled. Since the ordinary course of business defense is the only issue on which expert testimony was to be offered, and evidence on

that defense has now been precluded, there is no reason for those depositions to be completed.

Finally, the Trustee requests the award of monetary sanctions against Hartsdale. Rule 37 permits the Court to award monetary sanctions, in addition to other relief. In the circumstances of this case, however, the Court in the exercise of its discretion denies the request for monetary sanctions.

**IT IS SO ORDERED.**

Dated: July 16, 2010
       New York, New York

       **/s/Martin Glenn**
       MARTIN GLENN
       United States Bankruptcy Judge